IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BEVERLY LINN MILTENBERGER** | * | |
| | * | |
| v. | * | Civil Case No. WMN-13-1448 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' dispositive cross-motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, Ms. Miltenberger's reply, and the Commissioner's surreply. ECF Nos. 14, 18, 19, 20. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that the Commissioner's motion be granted and that Ms. Miltenberger's motion be denied.

Ms. Miltenberger applied for Disability Insurance Benefits and Supplemental Security Income on May 14, 2009, originally alleging a disability onset date of December 24, 2008. (Tr. 164-71). Her claims were denied initially on October 28, 2009, and on reconsideration on April 7, 2010. (Tr. 79-83, 86-89). An Administrative Law Judge ("ALJ") held a hearing on November 2, 2011, (Tr. 35-72), and subsequently denied benefits to Ms. Miltenberger in a written opinion, (Tr. 14-34). The Appeals Council declined review, (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Ms. Miltenberger suffered from the severe impairments of

discogenic and degenerative disc disease of the lumbar spine, degenerative joint disorder of the hip(s), history of trigeminal neuralgia, history of foot pain, and depression. (Tr. 19). Despite these impairments, the ALJ concluded that Ms. Miltenberger retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes and scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. She can occasionally climb ramps and stairs. She can perform unskilled work as well as work that is repetitive in nature and involves following a routine. She is limited [to] a work environment with general goal versus production rate goals with few if any changes in the work setting and no need to plan work or to set goals.

(Tr. 22). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Miltenberger could perform jobs existing in significant numbers in the national economy, and that she was not therefore disabled. (Tr. 27-28).

Ms. Miltenberger disagrees with the ALJ's conclusion. She asserts several arguments in support of her appeal: (1) that the ALJ failed to properly determine her RFC assessment; (2) that the ALJ assigned inadequate weight to the opinion of her treating physician, Dr. Mir; (3) that the ALJ's RFC assessment did not incorporate a finding regarding the number of hours she can stand and walk; and (4) that the ALJ erroneously made an adverse credibility determination. Each argument lacks merit.

Ms. Miltenberger's first contention is that the ALJ failed to properly determine her RFC assessment. Pl. Mot. 8-12. According to Ms. Miltenberger, one of the two state agency evaluating physicians, Dr. Moore, wrote an opinion supporting a finding that she would only be able to perform sedentary work. *Id.* However, Ms. Miltenberger concedes that Dr. Moore opined that she could stand/walk somewhere between two and four total hours per day, and that the other state agency physician, Dr. Najar, opined that she could stand/walk for six hours in an eight hour workday. Pl. Mot. 9. The regulations are clear that sedentary work requires standing

or walking that would "total no more than about 2 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *5 (S.S.A. Jan. 1, 1983). The requirement for light work is not as specific, stating only that "a job is in this category when it requires a good deal of walking or standing." *Id.* Because Dr. Moore expressly opined that Ms. Miltenberger was capable of walking and standing for more than two hours total per day, it is clear that Dr. Moore's assessment supported a finding of greater than a sedentary capacity. At the very least, under Dr. Moore's RFC assessment, Ms. Miltenberger could perform a reduced range of light work.

Despite Dr. Moore's opinion, the ALJ did not ultimately include, in the RFC assessment, any specific standing or walking restrictions to ensure that the total time spent on those activities would be less than four hours. However, the ALJ cited to adequate evidence to explain that decision, citing to Ms. Miltenberger's descriptions of her ability to walk and engage in other daily activities, observations made by physicians of her gait and ambulation, and the successful administration of pain medications and hip injections under fluoroscopy. (Tr. 23-26). Moreover, Dr. Najar's opinion, which was rendered after Dr. Moore's opinion, also supports the RFC assessment determined by the ALJ. (Tr. 370-77). The RFC assessment for light work comported with the medical findings credited by the ALJ, specifically X-rays demonstrating "lumbar and cervical spondylosis coupled with bilateral hip degenerative changes." (Tr. 26); *see also* (Tr. 251, 278-80.) Accordingly, remand is not warranted.

Next, Ms. Miltenberger alleges that the ALJ afforded inadequate weight to the opinions of her treating neurologist, Dr. Mir. Pl. Mot. 12-14. Initially, the ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.");

SSR 96–5p, 1996 WL 374183, at *1 (S.S.A. July 2, 1996) (instructing that "treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance"). Also, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Dr. Mir had two "opinions" at issue. One was a letter in which Dr. Mir stated that Ms. Miltenberger's conditions were "progressive and dibilitating [sic]." (Tr. 290). The other note states that, "[b]ecause of her persistent pain in the back and her trigeminal neuralgia and her severe anxiety and depression, [Miltenberger] has not been able to obtain gainful employment." (Tr. 361). Neither of those notes constitutes a definitive opinion that Ms. Miltenberger lacks the residual functional capacity to perform work. Dr. Mir has not provided any specific opinion regarding, for example, the length of time in a workday that Ms. Miltenberger could stand or walk. Even if Dr. Mir's notes were to be interpreted as an opinion that Ms. Miltenberger was physically unable to work, the opinion on an issue reserved to the Commissioner would not be entitled to controlling weight.

Moreover, the ALJ appropriately noted that Dr. Mir's treatment notes stood in stark contrast to his opinions. (Tr. 26-27). For example, just three days before the letter in which he stated that Ms. Miltenberger's conditions were progressive and debilitating, Dr. Mir's treatment notes indicated that she was in "no acute distress[,]" that her trigeminal neuralgia symptoms were under control, that she had no definite or reproducible weakness, and that he recommended stretching exercises for her pain and counseling for depression. (Tr. 358-59). Similarly, records from a few weeks earlier reflected that Ms. Miltenberger was in only "mild distress" from her neck and back pain. (Tr. 361). In light of the fact that Dr. Mir's opinions were unsupported in the medical record, even by his own treatment notes, the ALJ did not err in assigning the

opinions "little weight."

Ms. Miltenberger's next argument is that the ALJ failed to specify the precise amount of standing and walking she could perform in his hypothetical question to the VE. Pl. Mot. 14-16. The ALJ is afforded "great latitude in posing hypothetical questions." *Koonce v. Apfel*, No. 9801144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). The hypothetical in this case specified that the individual "can perform light exertional activities." (Tr. 68). Ms. Miltenberger contends that the hypothetical failed to inform the VE as to how long the hypothetical individual could stand or walk throughout a normal work day. Pl. Mot. 14-16. However, the ALJ's reference to "light work" implies a determination that the hypothetical individual was capable of "a good deal of walking or standing." *See* SSR 83-10, at *5. The experienced VE knew that the ALJ's question incorporated all of the limitations associated with light work, which comport with the RFC the ALJ found. The ALJ need not reiterate all of the limitations inherent in each category of work when posing a hypothetical question. For these reasons, the ALJ's hypothetical to the VE adequately addressed standing and walking.

Finally, Ms. Miltenberger asserts that the ALJ made an improper adverse credibility assessment regarding Ms. Miltenberger's complaints of pain. Pl. Mot. 16-17. First, the ALJ cited the correct standard governing a credibility assessment. (Tr. 22-23). In addition, the ALJ provided a thorough explanation of the evidence upon which he relied in making the adverse credibility assessment, including not only the inconsistency between Ms. Miltenberger's level of daily activities and her alleged impairments, but also the "essentially normal findings upon examination coupled with the conservative course of treatment the claimant has pursued." (Tr. 23). Though Ms. Miltenberger contends that the ALJ "dismissed the credibility based on her

described daily activities," Pl. Mot. 16, it is clear from the ALJ's opinion that he engaged in an extensive analysis of the medical evidence in addition to considering Ms. Miltenberger's daily activities. (Tr. 23-26). As noted above, that medical evidence included mild X-ray findings, successful treatment of trigeminal neuralgia with medication, a normal nerve conduction study, a successful hip injection, and a finding of only mild cognitive impairment on mental examination. *Id.* Because the ALJ supported his conclusions with substantial evidence, remand is not warranted.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment (ECF No. 18); and

2. the Court DENY Ms. Miltenberger's Motion for Summary Judgment (ECF No. 14) and CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: July 21, 2014                                    /s/
                                                        Stephanie A. Gallagher
                                                        United States Magistrate Judge